Caruthers, J\,
delivered the opinion of the conrt.
This action of replevin was brought by Barrett against Maley, for several slaves, mules and other property, which had been seized by the plaintiff, as an officer, under an attachment issued in favor of Apperson & Co., against • Cockrell. Barrett claimed under several deeds of trust made to him as trustee for the benefit of the creditors of Cockrell, which had been duly proved and registered before the issuance of the process of attachment, and which were fair upon their faces.
Maley depends upon his writ and levy, and proposed to go into proof of extrinsic facts, to show that the deeds of trust were fraudulent and void.
But the court held the law to be, that this could not be done unless it were first shown that Apperson & Co. were creditors of Cockrell.
Is this the law? We think there can be no doubt of it. It is generally true, that ah officer can defend himself by the introduction of process from a competent authority, commanding him to do the thing for which he is sued, without more.
Into the consideration of this class of cases, we need not now enter, as the present case is an exception well settled and defined. It is' not a question between the title of a stranger and that of the defendant in the process, which by the levy, passes to the officer; but it is between two persons claiming the same title, the one by deed, and the other by levy.
Without more, the prior divestiture of title must prevail. The deed is good against the maker of it, and all who claim under him, no matter how fraudulent. *503 Hone but creditors or those who represent them can 'impeach it for fraud. Such is the express provision of onr statute of frauds of 1801. . The officer is not a creditor; but does he represent one? Hot unless Ap-person & Co. are creditors of Cockrell?
This is not shown by record or other evidence. The attachment and affidavit on which it issued do not prove it; that is an ex parte proceeding, in which the defendant in it has not been heard, and upon which no adjudication has been made. The existence of a debt must be proved to open the door of attaek.
A valid judgment would be sufficient, but if that does not exist, other competent proof of indebtedness must be made. This is a condition precedent to an assault upon the deed for fraud. This not having been done, no evidence could be heard to establish the existence of fraud, and thus invalidate the deeds under which the plaintiff claims title.
There is then no error in the judgment, and it will be affirmed.